IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-154-BO

| | | |
|---|---|---|
| ALLEN HENNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings and defendant's motion to remand this case to the Commissioner for further proceedings. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively applied for DIB on November 7, 2015, alleging disability since May 9, 2013. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at

step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, defendant agrees with plaintiff that the ALJ erred by failing to consider whether plaintiff's impairments met or equaled Listing 12.15, which became effective prior to the ALJ's decision, and argues that remand is therefore appropriate. Defendant also argues that on remand the ALJ would be able to fully consider additional evidence submitted to the Appeals Council by plaintiff which the Appeals Council declined to review, thereby mooting one of plaintiff's assignments of error. Although plaintiff submits that there is sufficient evidence in the record for this Court to consider and award benefits, the Court finds that remand is the proper remedy in this circumstance so that the ALJ might consider both the Listing criteria and the additional evidence in the first instance. *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). The ALJ should further consider plaintiff's Veterans Affairs disability rating in accordance with *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012).

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand to the Commissioner under sentence four of 42 U.S.C. § 405(g) is appropriate. Accordingly, defendant's motion to remand [DE 21] is GRANTED and plaintiff's

motion for judgment on the pleadings [DE 16] is DENIED. This matter is REMANDED to the Commissioner for further proceedings.

SO ORDERED, this __27__ day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE